# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0729V

JERRY WAYNE RODEN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: February 17, 2026

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 9, 2024, Jerry Wayne Roden filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 16, 2022. Petition, ECF No. 1. On April 9, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 33.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $33,830.57 (representing $30,768.67 in fees and costs incurred by Petitioner's counsel of record, Ronald C. Homer; plus $3,061.90 in fees and costs incurred by Petitioner's former counsel, Maximillian Muller). Application for Attorneys' Fees and Costs ("Motion") filed December 31, 2025, ECF No. 41. Furthermore, Petitioner filed a signed statement representing that he incurred no personal out-of-pocket expenses. ECF No. 42.

Respondent reacted to the motion on January 6, 2026, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded to my discretion. ECF No. 43 at 2-5. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 41 at 33-57. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $33,830.57[3] as follows:**

- **A lump sum of $30,768.67, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Ronald C. Homer's IOLTA account for prompt disbursement; and**

- **A lump sum of $3,061.90, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: Maximillian Muller's IOLTA account for prompt disbursement.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.